IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 11-cv-0160-MJR-DGW |
| TERRY KRAFT, | ) | |
| Defendant. | ) | |

## ORDER DENYING AT THIS TIME
## MOTION FOR DEFAULT JUDGMENT

REAGAN, District Judge:

By complaint filed March 2, 2011, the United States of America ("the Government") filed suit in this Court against Terry Kraft, doing business as "Reasonable Remodeling." The complaint alleges that Defendant Kraft is indebted to the Government in the amount of $3,147.81, plus interest and court costs. A document inadvertently omitted from the complaint when e-filed (later filed at Doc. 12) reveals that the debt resulted from a claim that arose in connection with workplace safety violations under the Occupational Safety and Health Act of 1970, 29 U.S.C. 651, et seq.

A "Process Receipt and Return" (Doc. 3) indicates that, after several unsuccessful attempts, the complaint was personally servedon Kraft by a Deputy United States Marshal on May 27, 2011 in Mt. Vernon, Illinois. Kraft did not answer or otherwise respond to the complaint.On July 6, 2011, the Clerk of Court made an entry of default under Federal Rule of Civil Procedure 55(a). The Government now moves for default judgment under Federal Rule of Civil Procedure 55(b). As described below, the Court deniesthe motion at this time, without prejudice to the Government re-filing the motion.

1

Assuming that the Clerk of Court has made a proper entry of default under Rule 55(a), two avenues exist for a plaintiff to secure a default judgment under Rule 55(b). **Rule 55(b)(2)** covers cases in which the damages are *not* a fixed or certain sum. It allows the Court to conduct an accounting or set a hearing if needed to determine the damages due (or to establish the truth of any allegations by evidence). **Rule 55(b)(1)** applies to situations in which the damages are for a sum certain, such as the instant case.

Indeed, Rule 55(b)(1) provides that default judgment ***must*** be entered if: the defendant is not a minor or incompetent person, the plaintiff's claim is for a sum certain (or a sum that can be made certain by computation), and the plaintiff supplies an affidavit showing the amount due. Although Rule 55(b)(1) allows the Clerk of Court to enter default judgment for these sum-certain situations, the undersigned Judge typically handles motions for default judgment.

Unfortunately, all prerequisites for default judgment under Rule 55(b)(1) have not yet been satisfied here (or do not appear of record in the docketing system at this point). First, there is no valid entry of default under Rule 55(a). Upon careful review, the undersigned Judge concludes that the Clerk's Office prematurely entered default. The docket sheet does not show that summons was *issued*. A process receipt filed June 22, 2011 says a "summons and complaint" was served May 27th, but a copy of the summons does not appear in the record before this Court.

It is also unclear at this time whether the complaint served on Kraft (Doc. 2) contained or omitted the "Certificate of Indebtedness" filed by the USA on July 6, 2011 (Doc. 12). Furthermore, there is no validly filed affidavit from the Government establishing (a) the amount due and (b) that Plaintiff is not an infant, incompetent person, or in active military

service. Filing of such an affidavit was attempted June 23, 2011, but the affidavit was stricken and has not been re-filed since (see Docs. 7, 8). What appears on the docket sheet as a July 6, 2011 "Affidavit" (Doc. 11) is actually a certificate of indebtedness not a sworn affidavit of amount due.

Accordingly, the undersigned Judge hereby **VACATES** the Rule 55(a) entry of default (Doc. 13) and **DENIES AT THIS TIME** the Rule 55(b) motion for default judgment (Doc. 11).

IT IS SO ORDERED.

DATED July 7, 2011.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge